# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

October 4, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES A. BLACKWELL,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0065**   (BOR Appeal No. 2046153)
                  (Claim No. 2009093203)

**LM AERONAUTICS COMPANY - MARIETTA,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles A. Blackwell, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. LM Aeronautics Company - Marietta, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2011, in which the Board affirmed a July 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 27, 2010, decision denying Mr. Blackwell's request for right rotator cuff surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Blackwell worked as a production service attendant for LM Aeronautics Company - Marietta. He allegedly suffered an injury when he fell off a two step ladder and his right arm struck a platform. On October 9, 2009, Dr. Doukas stated that Mr. Blackwell complained of shoulder pain but did not state his opinion as to whether it was caused by the occupational injury. On April 6, 2010, Dr. Wentz concluded the right rotator cuff tear was not causally related to the occupational injury. On May 8, 2010, Dr. Clemente reported that he had seen Mr. Blackwell on July 11, 2009, for limited function and pain in the right shoulder, and that Mr. Blackwell injured his shoulder during his occupational fall on May 12, 2009.

1

The Office of Judges affirmed the claims administrator's decision, and held that the right rotator cuff surgery is not medically related or reasonably required for the treatment of Mr. Blackwell's May 12, 2009, occupational injury. Mr. Blackwell disagrees and asserts that he had no prior problems with his right shoulder, and further asserts that Dr. Clemente clearly related the right rotator cuff problems to the compensable injury.

The Office of Judges concluded that Dr. Doukas did not find a causal connection between the occupational fall and the rotator cuff tear, but merely noted in his report that Mr. Blackwell complained of right shoulder pain. Dr. Clemente is the only physician who found that the right rotator cuff tear is related to the occupational injury. However, the Office of Judges determined that Dr. Clemente's report was less persuasive than Dr. Werntz's report because he concluded that Mr. Blackwell's history did not contribute to his present shoulder condition when the MRI clearly showed hypertrophic degenerative changes in the acromioclavicular joint of the right shoulder. Dr. Clemente's report is also less persuasive in that it was written on May 10, 2010, based upon his evaluation of Mr. Blackwell almost one year prior on July 11, 2009. Ultimately, the Office of Judges concluded there was no persuasive evidence that established a causal link between Mr. Blackwell's occupational injury and his right rotator cuff tear. The Board of Review reached the same reasoned conclusions in its decision of December 21, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum